UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, *by and through its Attorney General Keith Ellison*, and Shireen Gandhi, *in her official capacity as the Commissioner of the Minnesota Department of Human Services*,<br><br>Plaintiffs,<br><br>v.<br><br>Dr. Mehmet Oz, *in his official capacity as Administrator for the Centers for Medicare and Medicaid Services*; the Centers for Medicare and Medicaid Services; Robert F. Kennedy, Jr., *in his official capacity as Secretary of the U.S. Department of Health and Human Services*; U.S. Department of Health and Human Services,<br><br>Defendants. | Court File No. 26-cv-1701 (ECT/DTS)<br><br><br>**MOTION OF AUTISM TREATMENT ASSOCIATION OF MINNESOTA FOR LEAVE TO FILE AMICUS BRIEF** |

The Autism Treatment Association of Minnesota ("ATAM") respectfully requests leave to participate as an *amicus curiae* in the above-captioned matter by filing a brief in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction. *See* ECF No. 2.[1]

ATAM is a nonprofit organization with a mission to make effective therapy accessible to all Minnesota families affected by Autism Spectrum Disorders ("ASD"). To

---

[1] Undersigned counsel has conferred with Plaintiffs' counsel, and Plaintiffs take no position on this request. No counsel has noticed an appearance for Defendants in this matter, but undersigned counsel contacted counsel working in the civil division at the United States Attorney's Office for the District of Minnesota by email on March 5, 2026, and has not yet received a response.

realize its mission, ATAM works to assure a sustainable service delivery system that supports the high-quality, research-backed intervention that is required to improve the lives of people with ASD and their caregivers. ATAM also advocates the enactment of laws to advance the interests of its members and the people it serves. Its members include 23 autism treatment organizations serving more than 2,500 children with ASD across Minnesota.

Although there is no particular statute or rule that contemplates the participation of *amici curiae* at the district court level, district courts frequently exercise their inherent authority to allow their participation. *See, e.g.*, *Minn. Chamber of Com. v. Choi*, No. 23-cv-2015 (ECT/JFD) (D. Minn. July 19, 2024), ECF No. 127; *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Minn. 1994), *reversed on other grounds*, 85 F.3d 1295 (8th Cir. 1996); *see also Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp.3d 1043, 1054-55 (D. Minn. 2014). In *Mausolf*, the Court held that it was "satisfied that [the proposed amici] has knowledge, experience, and a perspective . . . which may assist the Court in its resolution of the issues raised by the parties in this case." 158 F.R.D. at 148.

ATAM will offer a valuable perspective in this litigation. Its members provide autism therapy under the state-authorized and federally approved Early Intensive Developmental and Behavioral Intervention ("EIDBI") Benefit, which offers medically necessary services and supports to people under the age of 21 with ASD or related conditions, and which is one of the fourteen services for which Defendants have apparently deferred payments to the State of Minnesota. ATAM is deeply familiar with the experience

2

of Medicaid-funded providers in Minnesota who are attempting to continue providing medically necessary services to their vulnerable patients under increasingly onerous regulatory requirements. ATAM therefore understands the practical consequences that abrupt changes in reimbursement practices can have both for autism therapy providers and the children that need their services. At a minimum, ATAM's participation in this litigation will help the Court evaluate "the public interest." *Minn. Chamber of Com. v. Choi*, 707 F. Supp. 3d 846, 857 (D. Minn. 2023) (listing factors relevant to the consideration of preliminary injunctive relief).

For the foregoing reasons, ATAM respectfully requests that the Court grant its request to participate as an *amicus curiae* in this matter, and permit ATAM to file a brief of no more than 5,000 words on or before March 10, 2026, which is one day after Defendants' deadline to respond to Plaintiffs' motion and two days before the hearing on that motion. *See* ECF No. 14.

Dated: March 6, 2026         LOCKRIDGE GRINDAL NAUEN PLLP

                             s/R. David Hahn
                             R. David Hahn (#0401262)
                             100 Washington Avenue South, Suite 2200
                             Minneapolis, MN 55401-2159
                             (612) 339-6900
                             rdhahn@locklaw.com

                             **Counsel for Proposed Amicus Curiae**
                             **Autism Treatment Association of Minnesota**