UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota, by and through
its Attorney General Keith Ellison,
and Shireen Gandhi, in her official
capacity as the Commissioner of
the Minnesota Department of Human
Services,

               Plaintiffs.        Civil File No. 26-cv-1701-ECT-DTS

Dr. Mehmet Oz, in his official          Judge Eric C. Tostrud
capacity as Administrator for the
Centers for Medicare and
Medicaid Services; the Centers for
Medicare and Medicaid Services;
Robert F. Kennedy, Jr., in his
official capacity as Secretary of the
U.S. Department of Health and
Human Services; U.S. Department
of Health and Human Services,

               Defendants.

---

## DECLARATION OF DOROTHY FERGUSON

I, Dorothy Ferguson, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am the Director of the Division of Financial Operations West, within the Centers for Medicare & Medicaid Services ("CMS"), U.S. Department of Health and Human Services ("HHS"). I have held this position since January 19, 2020. In this capacity, I oversee matters relating to the financial management and oversight of state Medicaid expenditures, including reviews conducted pursuant to 42 C.F.R. § 430.40.

    2.    Based on personal knowledge and information provided to me in the course of my official duties, I am providing this declaration in support of the Defendants' Opposition to

1

Minnesota's Motion for a Temporary Restraining Order. Plaintiff challenges CMS's February 25, 2026 deferral action regarding certain Medicaid expenditures claimed by the State of Minnesota for the quarter ending September 30, 2025 (FY 2025, Q4).

## Statutory and Regulatory Framework

3. Medicaid is a cooperative federal-state program in which participating States receive federal financial participation for allowable expenditures. *See* 42 U.S.C. § 1396b. CMS is responsible for ensuring that federal funds are expended in accordance with statutory and regulatory requirements.

4. Under section 1903 of the Social Security Act and implementing regulations at 42 C.F.R. § 430.40, CMS reviews quarterly expenditure reports submitted by states on Form CMS-64 to determine whether claimed expenditures are eligible for federal financial participation ("FFP").

5. Federal regulations provide multiple oversight tools, including:

    a. **Deferral of claims** when CMS questions allowability and requires additional documentation. 42 C.F.R. § 430.40.
    b. **Disallowance** following review of questioned claims. 42 C.F.R. § 430.42.
    c. **Compliance proceedings** when CMS determines a State is not in substantial compliance with federal requirements. 42 C.F.R. § 430.35.

These tools address distinct circumstances and operate independently.

6. When CMS questions the allowability of a claim and requires additional documentation, CMS may issue a deferral. A deferral is a temporary action that withholds payment of the federal share pending submission and review of supporting documentation. It is not a final disallowance.

7. Federal regulations require CMS to act within specified timeframes following a state's certification of its quarterly report. 42 C.F.R. § 430.40. The deferral mechanism ensures

timely fiscal oversight while preserving the state's opportunity to submit documentation and obtain release of funds.

### Minnesota's Medicaid Program

8.  Minnesota administers its Medicaid program, known as Medical Assistance, under a state plan approved by CMS. Approximately 1.16 million Minnesotans are enrolled. The federal government provides roughly 54% of the program's funding—approximately $10.2 billion of the State's $18.9 billion in total annual expenditures for fiscal year 2024.

9.  It has been widely reported, and Minnesota has acknowledged, ongoing fraud within Minnesota's Medicaid program. Investigations by CMS, the HHS Office of Inspector General, and other federal partners have identified widespread waste, fraud, and abuse and failure by Minnesota to adequate address it.

### CMS's December 2025 Engagement and Its January 6, 2026 Compliance Determination

10. On December 5, 2025, CMS Administrator Oz sent a letter to Minnesota expressing concern that the State's antifraud efforts remained insufficient to ensure compliance with federal Medicaid program integrity requirements.

11. The letter requested that Minnesota submit a corrective action plan ("CAP") by December 31, 2025.

12. In response, Minnesota provided weekly updates to CMS, imposed additional enrollment moratoria, conducted off-cycle revalidations, and on January 5, 2026, disenrolled approximately 4,300 out-of-network and out-of-state managed care providers. Minnesota's corrective actions, however, relied heavily on temporary, discretionary and future-contingent measures rather than durable structural reforms. Thus, the enrollment moratoria were expressly time-limited and did not establish permanent controls to prevent recurrence of fraud and abuse. The CAP also deferred core reforms to future processes, including requests for proposals and

consultant recommendations, and without committing to binding implementation timelines or outcomes.

13.    Minnesota submitted its corrective action plan to CMS on December 31, 2025.

14.    On January 6, 2026, CMS notified Minnesota that it had determined the State was out of substantial compliance with Section 1902(a)(64) of the Social Security Act and 42 C.F.R. Part 455, Subpart A.

15.    Section 1902(a)(64) and its implementing regulations require states to maintain effective systems for fraud detection and investigation and to safeguard federal Medicaid funds.

16.    CMS found that Minnesota's December 31, 2025 corrective action plan was deficient and did not adequately remedy the identified program integrity vulnerabilities.

17.    CMS notified Minnesota that it would withhold more than $515 million quarterly, representing the federal share of expenditures associated with the fourteen high-risk service areas, until the State achieved compliance.

18.    Minnesota appealed CMS's noncompliance determination on January 9, 2026.

19.    Under 42 C.F.R. §§ 430.35(a) and 430.104(a), the filing of that appeal stays any withholding of federal funds pending the conclusion of the administrative hearing process.

20.    The administrative appeal process remains ongoing, and no merits hearing has been scheduled.

### CMS's Focused Financial Review of Minnesota's FY 2025, Q4 Claims

21.    Minnesota certified its Q4 Form CMS-64 for the fourth quarter of FY 2025 ending on September 30, 2025 on December 30, 2025, which was two months after it was due on October 30, 2025. 42 C.F.R. 430.30(c).

22. Based on known program integrity risks, CMS's Financial Management Group ("FMG") and Center for Program Integrity ("CPI") initiated a focused financial review of Minnesota's FY 2025, Q4 (July 1–September 30, 2025) Medicaid expenditures reported on the Form CMS-64.

23. The review targets 14 previously identified high-risk medical service areas susceptible to fraud, waste, and abuse. The goal is to assess the accuracy and allowability of claimed federal financial participation (FFP).

24. On January 9, 2026, CMS formally requested detailed claim-level data from the State to support the allowability of expenditures in these high-risk areas.

25. The State of Minnesota provided detailed claims information on February 3, 2026.

26. The State self-attested to claiming $457,812,072 FFP in connection with the fourteen high-risk service areas.

## Basis for CMS's Deferral Action

27. CMS, with contractor support, conducted an initial analysis of the data submitted by the State of Minnesota before issuing the deferral. CMS's deferral was grounded in documented fiscal and program integrity concerns identified through data analysis and regulatory review.

28. CMS found significant variances in reported expenditures. CMS identified substantial quarter-over-quarter and year-over-year variances in expenditures reported on three CMS-64 service lines: other practitioner services, personal care services, and home and community-based services.

29. Because CMS could not determine the allowability of the associated claims without further information from the State, CMS identified $164,198,916 FFP representing unsupported increases between Q3 and Q4 FY 2025 on those lines.

30. These variances raised legitimate fiscal oversight concerns requiring additional documentation prior to payment of the federal share.

31. CMS identified 113 billing providers flagged by CMS's Fraud Prevention System due to historical utilization or billing anomalies.

32. CMS analyzed claims and encountered data associated with these providers and determined that additional documentation was necessary to assess allowability.

33. CMS therefore issued a deferral of an additional $79,591,344 FFP associated with claims submitted by those providers.

34. On February 25, 2026, CMS issued a formal deferral letter notifying the State of four deferrals totaling $259,505,491 FFP for the quarter ending September 30, 2025.

35. Among these, CMS identified $243,790,260 FFP attributable to the focused review of fourteen high-risk service areas, including:

    a. $164,198,916 FFP related to questionable variances; and

    b. $79,591,344 FFP associated with high-risk providers identified through data analytics.

36. The deferral notice explained the basis for each deferral and requested that the State of Minnesota either provide supporting documentation within the regulatory timeframe or make a decreasing Line 10B adjustment on a subsequent CMS-64 submission. See Ex. A.

37. CMS also expressly informed the State of Minnesota of its right under 42 C.F.R. § 430.40 to submit documentation within 60 days and to request an extension if necessary.

38. CMS issued the deferral notice through the same financial management channels CMS uses to process all quarterly expenditure reports.

## Next Steps

39. The next step in the deferral process is for the State of Minnesota to submit the requested documentation within 60 days of the receipt of the deferral notice, by April 27, 2026, or to request an extension up to an additional 60 days. 42 C.F.R. § 430.40(c)(1). It is the responsibility of the State of Minnesota to establish the allowability of the claim. 42 C.F.R. § 430.40(b)(2).

40. CMS has 90 days after it receives all documentation to determine the allowability of the claims. 42 C.F.R. § 430.40(c)(5).

41. Once CMS has made its determination, it will provide written notice to the State of Minnesota. If CMS makes the decision to pay, it will do so. If CMS makes the decision to disallow, the State has a right to request reconsideration. 42 C.F.R. § 430.40(e).

Executed on this 9th day of March, 2026.

Dorothy Ferguson
Digitally signed by Dorothy Ferguson
Date: 2026.03.09 11:44:01 -05'00'

**DOROTHY FERGUSON**
Director
Division of Financial Operations West
Centers for Medicare & Medicaid Services