**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Minnesota et al.

          Plaintiffs.                    Civil File No. 26-cv-1701-ECT-DTS

Dr. Mehmet Oz, et al.,

          Defendants.

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

On April 6, 2026, this Court denied Minnesota's motion for a preliminary injunction, addressing each of the threshold legal questions Minnesota's claims raise. ECF No. 43 at 18–37. Those same questions require dismissal of the complaint.

Minnesota challenges a deferral notice that initiated an ongoing administrative process. The notice is not final agency action under *Bennett v. Spear*, 520 U.S. 154 (1997) because it commences an investigative back-and-forth that may end in payment, disallowance, or automatic payment if CMS misses the 90-day deadline.

Minnesota's three non-APA claims fail as a matter of law: a State is not a "person" under the Fifth Amendment; the deferral imposes no new condition under the Spending Clause; and § 430.40 contains no "specific prohibition" capable of supporting non-statutory ultra vires review. And the statutory review scheme Congress created for Medicaid FFP disputes—42 U.S.C. § 1316(e)—channels Minnesota's underlying demand for release of $243 million in claimed funds.

The Complaint should be dismissed.

## BACKGROUND

The Court set out the regulatory framework and factual record in its April 6 Order. ECF No. 43 at 3–15. Defendants incorporate that account and assume all well-pleaded facts stated in the Complaint (ECF No. 1) as true.

In brief: On February 25, 2026, CMS issued a deferral notice under 42 C.F.R. § 430.40 identifying approximately $243 million in federal financial participation across fourteen high-risk service areas and requesting documentation. ECF No. 1 at ¶ 32. Minnesota filed this suit on March 2 to challenge that deferral notice and sought a temporary restraining order and preliminary injunction. ECF Nos. 1, 2. The Court denied that motion on April 6. ECF No. 43. The Complaint alleges five counts: procedural due process (Count I), APA arbitrary-and-capricious (Count II), APA procedural (Count III), spending power (Count IV), and ultra vires (Count V). Compl. ¶¶ 40–76.

## LEGAL STANDARD

On a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729–30 (8th Cir. 1990). On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true but is not bound by legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

Although the Court's April 6 Order denied preliminary injunctive relief on a developed record, several of its conclusion's rest on pure questions of law that apply with equal force at the motion-to-dismiss stage.

The finality of the deferral notice under *Bennett*, the unavailability of due process protection to States, the scope of the Spending Clause challenge, and the requirements for nonstatutory ultra vires review are legal questions resolved by the regulatory text and controlling precedent, not by factual development. Defendants rely on the Court's prior reasoning as persuasive authority on these legal questions while recognizing that the present motion is governed by Rule 12(b)(6)'s well-pleaded-allegations standard.

## I.    The APA Claims Should Be Dismissed Because the Deferral Notice Is Not Final Agency Action.

The APA authorizes review of only "final agency action." 5 U.S.C. § 704. To be final, the action must (1) mark the "consummation" of the agency's decision-making process and (2) determine "rights or obligations" or be one "from which legal consequences will flow." *Bennett*, 520 U.S. at 177–78. This Court applied *Bennett* to the deferral notice and concluded it satisfies neither prong. ECF No. 43 at 20–28.

### A.    The notice does not consummate agency decision-making.

A deferral notice "communicates the agency's questions regarding a claim's allowability, not a definitive statement that a claim is disallowed." ECF No. 43 at 20. The regulation authorizes deferral when CMS "questions" allowability and "needs additional information to resolve the question." 42 C.F.R. § 430.40(a). From there, "several things might happen"—the agency might request more information, pay the claim, pay if it misses the 90-day deadline, or disallow some or all the claims. ECF No. 43 at 20–21. "With all these contingencies on the table, it is difficult to understand how a deferral notice might represent the consummation of the agency's decisionmaking process." *Id.* at 21.

The notice's investigative character aligns it with a body of authority holding that audits and similar investigative measures are nonfinal. *See* ECF No. 43 at 22 (citing *Harper v. Werfel*, 118 F.4th 100, 116 (1st Cir. 2024); *Gordon v. Norton*, 322 F.3d 1213, 1220 (10th Cir. 2003); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1238 (11th Cir. 2003)). The February 25 notice follows the regulatory process: it identifies the type and amount of deferred claims, specifies concerns, and requests documentation. ECF No. 43 at 22–23. "It did not express a conclusion that these claims or any part of them would be disallowed. It took no procedure or possible outcome off the table." *Id.* at 23.

### B.      The notice does not determine rights or obligations.

The Court rejected each of Minnesota's three theories under *Bennett*'s second prong. ECF No. 43 at 25–28. First, the temporary deprivation of funds during an investigation is not a determination of rights. ECF No. 43 at 26 (citing *In re SAC & Fox Tribe*, 340 F.3d 749, 756 (8th Cir. 2003)). Second, Minnesota's "burden-shifting" theory misreads the withholding regulations, which do not allocate burden at all; in any event, the allocation of a burden within an ongoing proceeding is not itself final action. ECF No. 43 at 27–28. Third, the claimed procedural disparities between deferral and withholding are "not as significant as Minnesota claims," and in any event do not determine rights. *Id.* at 28.

### C.      In the alternative, Counts II and III fail to state a claim.

Even if the Court were to conclude the deferral notice is final, Minnesota's APA claims fail on the pleadings. Count II's pretext theory rests on public statements that, taken as true, do not establish "a strong showing of bad faith or improper behavior" sufficient to overcome the presumption of regularity. *Dep't of Commerce v. New York*, 588 U.S. 752,

781 (2019); *see* ECF No. 43 at 33. Count III's notice-sufficiency theory fails because the regulation imposes only the four high-level requirements set out in 42 C.F.R. § 430.40(b)(1)(i)–(ii), each of which the complaint affirmatively pleads the deferral notice satisfied. ECF No. 1 ¶ 32.

## II.     Counts I, IV, and V Fail as a Matter of Law.

Minnesota's non-APA claims—due process, the Spending Clause, and ultra vires—are repackaged APA challenges that should not be permitted to circumvent the finality requirement. *See* ECF No. 22 at 19. In any event, they also fail as a matter of law.

### A.     The procedural-due-process claim (Count I) fails because a State is not a "person."

"The word 'person' in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union." *South Carolina v. Katzenbach*, 383 U.S. 301, 323–24 (1966); *accord South Dakota v. DOI*, 665 F.3d 986, 990 (8th Cir. 2012).

This Court has already applied that precedent to this case. ECF No. 43 at 18. The single district-court case Minnesota cited at the preliminary-injunction hearing, *West Virginia v. EPA*, 669 F. Supp. 3d 781 (D.N.D. 2023), did not address personhood; "[i]t would be a mistake to construe the decision as authority opposing controlling Supreme Court and Eighth Circuit precedents." ECF No. 43 at 18.

Even accepting the complaint's allegations as true, *Clarinda Home Health v. Shalala*, 100 F.3d 526 (8th Cir. 1996), forecloses the claim because a temporary withholding pending investigation satisfies due process. In *Clarinda*, the Eighth Circuit

held that temporary suspension of Medicare payments pending a fraud investigation satisfies due process because "[t]he withholding is nothing more than a temporary measure necessary to maintain the status quo while the necessary facts are gathered and evaluated." 100 F.3d at 530. The court further held that because even permanent exclusion does not require a pre-deprivation hearing, a temporary withholding certainly does not. *Id.* at 531.

**B.  The spending power claim (Count IV) fails because the deferral imposes no new condition.**

A spending power claim requires a federal funds condition that the State did not "voluntarily and knowingly accept[]." *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981). The deferral imposes none. It is an enforcement mechanism within the preexisting Medicaid framework, codified at 42 C.F.R. § 430.40 for decades. Minnesota agreed to those rules when it chose to participate in Medicaid.

As this Court previously observed in addressing the same theory at the preliminary injunction stage, the deferral does not impose a new condition. ECF No. 43 at 35.

**C.  The ultra vires claim (Count V) fails because § 430.40 contains no specific prohibition.**

Nonstatutory ultra vires review is "strictly limited" to cases where an agency has acted "entirely in excess of its delegated powers and contrary to a specific prohibition in a statute." *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 680–81 (2025); *see Key Med. Supply, Inc. v. Burwell*, 764 F.3d 955, 962 (8th Cir. 2014) (requiring "plain violation of an unambiguous and mandatory provision"). Minnesota's theory is that § 430.40(a) "prohibits CMS from conditioning the lifting of a deferral on anything other than the state providing documentation." But the provision "does not say that"; it authorizes deferral when CMS

6

"questions" allowability and needs additional information, and subsequent subsections make clear deferred amounts may be disallowed. ECF No. 43 at 37. There is no "specific prohibition" for CMS to have violated.

### III.    The Court Lacks Subject Matter Jurisdiction Because the Statutory Review Scheme Channels Minnesota's Claims.

In the alternative, the Court should dismiss because Minnesota's claims belong in the statutory review scheme Congress created for Medicaid FFP disputes. Under 42 U.S.C. § 1316(e) and 42 C.F.R. § 430.42, a State may seek reconsideration of a disallowance, appeal to the Departmental Appeals Board, and obtain judicial review in district court. That process produces what Minnesota seeks: a determination on allowability and payment.

*Thunder Basin* and its progeny channel claims that, however styled, fall within such a scheme. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207–12 (1994); *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 489 (2010). The three factors all point to channeling: Congress's intent to channel FFP disputes is fairly discernible in § 1316(e); the DAB process and post-decision judicial review provide meaningful review; and Minnesota's claim is not collateral to the scheme—it goes to its core, seeking $243 million in claimed FFP. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 22–23 (2012); *cf. Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13–14 (2000) (procedural challenge "inextricably intertwined" with channeled determination subject to scheme). Medicaid claim allowability is the heartland of CMS's expertise, and § 1316(e)'s administrative-then-judicial pipeline ensures meaningful review on a developed record. *See Free Enter. Fund*, 561 U.S. at 489. That Minnesota brought suit at the deferral stage rather than awaiting a

7

disallowance does not make its claim collateral; the deferral is the front end of the very process § 1316(e) channels. As the Court itself recognized, the deferral "marks the commencement of a back-and-forth investigative process that could lead to … disallowance." ECF No. 43 at 23–24. That process is the one § 1316(e) channels.

The Court previously addressed whether § 1316(e) provides an "adequate alternative remedy" under § 704 of the APA. ECF No. 43 at 28 n.11. *Thunder Basin* asks a different question: whether Congress impliedly precluded district court jurisdiction over claims that seek the relief the statutory scheme provides. Here, the substance of Minnesota's requested relief (ECF No. 1 at 21)—release of deferred funds based on allowability—is the heartland of what § 1316(e) channels. *Elgin*, 567 U.S. at 22. Minnesota's supplemental request that the Court supervise CMS's document requests and timeline, ECF No. 37 at 7, only confirms the point: it asks this Court to embed itself in an ongoing administrative process Congress assigned to CMS.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

8

Dated: May 4, 2026

MICHAEL B. STUART
General Counsel

ELIZABETH C. KELLEY
Deputy General Counsel
Chief Legal Officer for CMS

BETSY M. PELOVITZ
Associate General Counsel

JOCELYN S. BEER
Acting Deputy Associate General
   Counsel for Litigation

U.S. Department of Health
   and Human Services

*Counsel for Defendants*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director
Federal Programs Branch

CHARLES E.T. ROBERTS
Counsel to the Assistant Attorney
General Civil Division

DANIEL N. ROSEN
United States Attorney

Respectfully submitted,

*/s/ Matthew C. Zorn*

MATTHEW C. ZORN
Deputy General Counsel, U.S.
Department of Health and
Human Services and
Special Assistant U.S. Attorney
for the District of Minnesota

*Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, I electronically filed the foregoing Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim with the Clerk of Court using the CM/ECF system, which will send notify all counsel of record.

*/s/ Matthew C. Zorn*

MATTHEW C. ZORN

**CERTIFICATE OF WORD COUNT**

I hereby certify that this document has **2,049** words.

*/s/ Matthew C. Zorn*

MATTHEW C. ZORN

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Minnesota et al.

               Plaintiffs.                      Civil File No. 26-cv-1701-ECT-DTS

Dr. Mehmet Oz, et al.,

               Defendants.

## [PROPOSED] ORDER

Upon consideration of Defendants' Consent Motion for Relief from Local Civil Rule 7(n)(1), it is hereby:

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that, for purposes of Defendants' Motion to Dismiss (ECF No. 21), Defendants are relieved from compliance with Local Civil Rule 7(n)(1).

SO ORDERED this _____ day of _____, 2026.

Dated: _____

Eric C. Tostrud
United States District Judge